IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MIRIAM Y. DIKUN, )
Plaintiff, )
v. ) Case No. 1:05cv103 (GBL)
DANIEL B. STREICH, *et. al.* )
Defendants. )

MEMORANDUM ORDER

THIS MATTER is before the Court on Motion of Defendants' Daniel B. Streich, Sara J. Ross, and Valerie Broadus to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This case concerns allegations that three employees of a law firm violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("hereinafter FDCPA") when they attempted to collect debt that Plaintiff Ms. Dikun allegedly owed to the homeowners association Saybrooke-Village of Bristol of Virginia Homeowners Association, Inc. [hereinafter "HOA"]. There are two issues before the Court. First, whether Plaintiff has sufficiently pled that the homeowners association dues that Defendants attempted to collect are consumer debt and therefore are regulated by the FDCPA. Second, whether Plaintiff has sufficiently stated a claim that Defendants violated numerous sections of the FDCPA when they attempted to collect debts that Plaintiff allegedly owed to the

HOA. The Court holds that Plaintiff has sufficiently alleged that the debt at issue is consumer debt and is therefore covered by the FDCPA. For the reasons stated below, the Court holds that Plaintiff has sufficiently stated a claim that Defendants have violated some of the sections of the FDCPA, but not all of the sections alleged by Plaintiff. Specifically, the Court holds that Defendants' Motion to Dismiss is granted with respect to Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XII, XV, and XVI. The Defendants' Motion to Dismiss is denied with respect to Counts XI, XIII, and XIV.

## I. BACKGROUND

This lawsuit arises out of an attempt by Defendants to collect delinquent homeowner association dues that Plaintiff Ms. Dikun allegedly owed to the HOA. Plaintiff Miriam Dikum was the owner of property in the Villages at Saybrooke Development until November, 2004. Complaint ¶ 2. Ms. Dikun was obligated to pay quarterly assessments to the HOA. In February of 2004, the HOA retained the law firm of Chadwick, Washington, Moriarty, Elmre & Bunn, P.C., [hereinafter "Law Firm"] to pursue collection of Ms. Dikun's past due quarterly assessments, late fees, and interest. Plaintiff alleges that defendants are debt collectors as that term is defined in the FDCPA. Complaint ¶ 4.

## II. DISCUSSION

### A. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. FED. R. CIV. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiffs, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response. *Conley*, 355 U.S. at 47.

### B. Analysis

The FDCPA was enacted to protect consumers from debt collector’s abusive debt collection practices and to ensure that non-abusive debt collectors would not be competitively disadvantaged. *Morgan v. Credit Adjustment Board*, 999 F. Supp.

803, 806 (E.D.Va. 1998). In order to prevail on a FDCPA claim a Plaintiff must prove that:

> (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

*Fuller v. Becker & Poliakoff*, 192 F. Supp.2d 1361 (M.D.Fla. 2002) (citations omitted).

**Consumer Debt**

Defendants' Motion to Dismiss is denied in part because Plaintiff has sufficiently pled that the delinquent homeowners association dues that Defendants attempted to collect from her are consumer debt. The FDCPA regulates debt collectors attempting to collect consumer debt. § 1692a defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Property owners association assessments for a plaintiff's residence are debts subject to the FDCPA. *Fuller*, 192 F.Supp.2d at 1368. In this case, Plaintiff has alleged that Defendants were attempting to collect homeowners association dues for the property where Plaintiff maintained her residence until November 2004. Complaint ¶ 2. Accordingly, Plaintiff has

alleged that Defendants were attempting to collect a debt regulated by the FDCPA.

**Counts I and II - Name of Creditor in February 3, 2004 Letter**

Defendant's Motion to Dismiss is granted with respect to Counts I and II because Plaintiff fails to state a valid claim for a violation of 15 U.S.C. §§ 1692g(a)(2), 1692g(a)(5), and 1692e. In analyzing violations of the FDCPA, the Fourth Circuit has applied a "least sophisticated debtor" standard. *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135-36 (4th Cir. 1996). In determining whether the FDCPA has been violated, the Court should apply a standard measured by how the least sophisticated consumer would interpret the notice from the debt collector. *Talbott v. GC Services Limited Partnership*, 53 F.Supp.2d 846 (W.D.Va. 1999). In Count I, Plaintiff contends that the February 3, 2004 collection letter violates the FDCPA because the collection letter does not accurately state the name of the creditor to whom plaintiff allegedly owed the debt in violation of 15 U.S.C. §§ 1692g(a)(2) and fails to contain the statements required by 15 U.S.C. § 1692g(a)(5). Complaint ¶¶ 6-9. In Count II, Plaintiff asserts that Ms. Broadus "failed to accurately state the name of he creditor..." Complaint ¶ 11. In this case, the debt collector referred to his creditor client

as "Saybrooke-Village of Bristol Homeowners Association, Inc." Complaint, Ex. A. Defendant's contend that the full name of the homeowners association is Saybrooke-Village of Bristol *of Virginia* Homeowners Association, Inc. Defs.' Opp. at 8. However, the Plaintiff's complaint does not include any indication of what name it contends is the accurate name of the homeowners association.

Plaintiff also alleges that there is no indication that the debt collection letter included a statement that, if requested by the consumer, the debt collector will provide the consumer with the name and address of the original creditor if different from the current creditor as required by 15 U.S.C. § 1692g(a). Plaintiff, however, fails to allege that the original creditor was different than the current creditor. Therefore, in Counts I and II Plaintiff has failed to adequately state a claim for U.S.C. §§ 1692g(a)(2). Accordingly, the Court grants Defendants' Motion to Dismiss Count I and II.

**Count III - Dispute Statement in February 3, 2004 Letter**

Defendant's Motion to Dismiss Count III is granted because Plaintiff was properly notified of how to dispute the accuracy of the debt in the February 3, 2004 letter. In Count III, Plaintiff alleges that the February 3, 2004 letter fails to state that if Plaintiff notified Defendants in writing within a thirty day

period that she disputed the debt, Defendant would obtain verification of the debt and mail it to the consumer as required by 15 U.S.C. § 1692g(a)(4). Complaint § 13. However, the February 3 letter plainly states:

> Unless you notify this office within thirty (30) days of your receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume the debt is valid. Also if you notify this office in writing within that 30-day period that you dispute any portion of this debt, we will cease further collection action until we obtain verification of the debt and mail it to you.

Complaint, Ex. A. Since the February 3, 2004 includes a statement that clearly satisfies the requirements of 1692g(4), Defendants' Motion to Dismiss is granted with respect to Count III.

**Count IV - Threat to File a Lawsuit in February 3 Letter**

Defendants' Motion to Dismiss Count IV is granted because Plaintiff fails to state a valid claim for violation of 15 U.S.C. § 1692g(a). The Fourth Circuit has stated that a debt collector does not comply with § 1692g simply by including the required debt validation notice. *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (1991). Instead, "the notice Congress required must be conveyed effectively to the consumer." *Miller*, 943 F.2d at 484 (quoting *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988)). Thus, the validation notice "must not be overshadowed or contradicted

by other messages or notices appearing in the initial communication from the collection agency." *Miller*, 869 F.2d at 484 (quoting *Swanso*n, 869 F.2d at 1225). In Count IV, Plaintiff alleges that the February 3, 2004 letter contained a threat to file a lawsuit against Plaintiff within 30 days after her receipt of the letter and that a memorandum of lien may be filed against her and therefore she asserts that Defendants violated 15 U.S.C. § 1692g(a). Complaint ¶¶ 15, 16. However, the letter includes a statement that the Plaintiff may notify the defendant of any dispute within 30 days and the defendants will cease further collection action until Defendants verify the debt. Specifically, the letter states:

> Otherwise, please note that unless your account is paid in full within thirty (30) days of your receipt of this letter, a lawsuit may be filed against you personally in the Prince William County General District Court. Once further legal action is taken, you may be held responsible for additional costs and attorneys' fees.

Complaint, Ex. A. In this case, the law firm included the validation notice in the second paragraph of the letter. The letter first informs Plaintiff of her statutory rights and then explains that if the debt is not paid, a lawsuit might be filed. The letter does not restrict the Plaintiff's right to dispute the debt during the thirty day statutory period. Accordingly, the Court grants Defendants' Motion to Dismiss Count IV.

**Count V and XVI - Notice of Debt**

Plaintiff has failed to state valid claims for violations of § 1692g(a) in Counts V and XVI. Section 1692g(a) governs the contents of the notice of debt. In Count V, Plaintiff claims that Ms. Broadus sent Plaintiff a collection letter on February 26, 2004, one day after Plaintiff sent Ms. Broadus a letter disputing the debt. In Count XVI, Plaintiff claims that Mr. Broadus made false representations to a settlement agent without verifying the debt or sending Plaintiff a copy of such verification. Complaint ¶ 61. Although other sections of the FDCPA require debt collectors to cease collection of debt until the debt is verified (i.e. 1692g(b)), § 1692g(a) requires that a debtor be notified either in the initial communication or within five days of the initial communication of her right to ask for verification of the debt and have such verification mailed to her. Defendants included such a statement as required by 1692g(a) in the February 3, 2004 letter, its initial communication. Therefore, Plaintiff has failed to state a valid claim for violations of § 1692g(a) in Counts V and XVI. Accordingly, the Court grants Defendants' Motion to Dismiss with respect to Counts V and XVI.

**Counts VI, VIII, X, XII, and XV - False or Misleading Representations**

Defendants' Motion to Dismiss Counts VI, VIII, X, XII, and XV is granted because Plaintiff fails to state a valid claim in

these counts for violations of 15 U.S.C. § 1692e, false or misleading representations. § 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." In Count VI, Plaintiff alleges that in the February 26, 2004 letter Ms. Broadus violated § 1692e by stating, "Plaintiff requested that Defendant Broadus return a portion of the recent payment..." Complaint ¶ 22. Plaintiff also alleges the statement that Plaintiff owed $269.82 on her account was a false representation in violation of § 1692e. Complaint ¶ 23. In Count VIII, Plaintiff alleges that Ms. Broadus falsely stated the name of the claimant for the unpaid assessments in the memorandum of liens and that the memorandum of liens contained false statements regarding the amount of the debt Plaintiff owed. Complaint ¶¶ 29-32. In Count X, Plaintiff alleges that Defendant Streich misrepresents the name of the creditor in the warrant in debt and the warrant in debt contains a false statement of the amount of the debt owed by Plaintiff. Complaint ¶¶ 37-40. In Count XII, Plaintiff alleges that Defendant Streich made false statements in the June 10, 2004 letter regarding the amount of time that Plaintiff had to pay her debt, the amount of the debt, and the amount of the attorneys fees. Complaint ¶¶ 44-47. In Count XV, Plaintiff alleges that Ms. Broadus informed a settlement agent that the amount due from Plaintiff was over

$1200 but Plaintiff alleges that this was false. Complaint ¶¶ 57-59.

However, in Counts VI, VII, X, XII, and XV, Plaintiff merely makes conclusory legal assertions and does not allege any facts to support them. Plaintiff does not set forth facts that would constitute a false, deceptive, or misleading representation by Defendants in violation of § 1692e. For example, Plaintiff does not allege how she was mislead by the return of a recent payment or the statement of the amount of the debt in the February 26, 2004 letter. In analyzing a motion to dismiss, conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *See Labram,* 43 F.3d at 921 (4th Cir. 1995). In Counts VI, VIII, X, XII, and XV, Plaintiff has not alleged sufficient facts to support a violation of § 1692e. Accordingly, the Court grants Defendants' Motion to Dismiss Counts VI, VIII, X, XII and XV.

**Count VII - Memorandum of Lien**

Defendants' Motion to Dismiss Count VII is granted because Plaintiff has failed to adequately state a violation of 15 U.S.C. § 1692g(a) against Ms. Broadus. § 1692g(a) governs the contents of the notice of debt. Va. Code § 55-516 allows a homeowners association to file a lien against a homeowner's property for unpaid assessments. In Count VII, Plaintiff alleges that

Defendant Broadus filed a memorandum of lien and a corrected memorandum of lien against Plaintiff with the Circuit Court for Prince William County without first obtaining verification of the debt and sending Plaintiff a copy of such verification. Complaint ¶¶ 24-28. Although other sections of FDCPA require debt collectors to cease collection of debt until the debt is verified, § 1692g(a) requires that a debtor be notified either in the initial communication or within five days of the initial communication of her right to ask for verification of the debt and have such verification mailed to her. Plaintiffs included such a statement as required by 1692g(a) in the February 3, 2004 letter, its initial communication. Therefore, Plaintiff has failed to state a valid claim for a violation of § 1692g(a) in Count VII. Accordingly, the Court grants Defendants' Motion to Dismiss with respect to Count VII.

**Count IX - June 10, 2004 Letter**

Defendants' Motion to Dismiss Count IX is granted because Plaintiff fails to state a valid claim for a violation of § 1692g(a) since the June 10, 2004 letter was not the initial communication from the Defendants. By its express language § 1692g(a) applies to the "initial communication" from the debt collector. Plaintiff alleges that the Defendants violate the FDCPA by sending the June 10, 2004 letter because it does not

include a statement regarding Plaintiff's right to dispute the debt. However, the February 3, 2004 letter was the initial communication and that letter contained the statements required by §1692g(a). Therefore, the Court grants Defendants' Motion to Dismiss with respect to Count IX.

**Count XI - Warrant in Debt**

Defendants' Motion to Dismiss Count XI is denied because Plaintiff states a valid claim of 15 U.S.C. § 1692g(b) since she asserts that Defendant Streich filed a warrant in debt in the General District Court for Prince William County without obtaining or providing Plaintiff with verification of the debt. Complaint ¶ 42. § 1692g(b) states in pertinent part:

> [i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof is disputed,..., the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains written verification of the debt.

In this case, Plaintiff states that on February 25, 2004, she sent Ms. Broadus written notification that she disputed the debt. Complaint ¶ 18. Plaintiff alleges that Defendant did not verify the debt and did not cease collection of the debt, but instead filed a warrant in debt in General District Court. Complaint ¶ 42. Accordingly, Plaintiff states a valid claim for a violation of 15 U.S.C. § 1692g(b) and the Court denies Defendants' Motion to Dismiss Count XI.

**Count XIII - Communication with Consumer**

Defendants' Motion to Dismiss Count XIII is denied because Plaintiff states a valid claim under 15 U.S.C. § 1692c(a)(2) regarding communication in connection with debt collection. §1692c(a)(2) prohibits debt collectors from communicating directly with the consumer in the collection of a debt if the debt collector knows the consumer is represented by an attorney with respect to such debt, or can readily ascertain such attorney's name and address. In this case, Plaintff alleges that Mr. Streich sent Plaintiff a copy of a bill of particulars in an attempt to collect debt even though Mr. Steich knew or could have reasonably ascertained the name of Plaintiff's counsel. Accordingly, Plaintiff has sufficiently alleged a violation of § 1692c(a)(2) and the Court denies Defendants' Motion to Dismiss Count XIII.

**Count XIV - False or Misleading Representations against Ms. Ross**

Defendants' Motion to Dismiss Count XIV is denied because Plaintiff states a valid claim against Attorney Sara Ross for a violation of the FDCPA, 15 U.S.C. § 1692e regarding false or misleading representations. § 1692e(2)(B), prohibits a false representation as to the compensation which could lawfully be

received by a debt collector for the collection of a debt. The FDCPA applies to lawyers who regularly through litigation try to collect consumer debts. *Heintz v. Jenkins*, 514 U.S. 291, 292-294 (1995) ("The Act does apply to lawyers engaged in litigation"). A statement of attorneys fees that is sent by a debt collector is a communication which attempts to collect debt under the FDCPA. *Spencer v. Hendersen-Webb*, 81 F.Supp.2d 582, 591 (D.Md. 1999). In this case, Attorney Sara Ross submitted an affidavit for attorneys fees in the General District Court for Prince William County. Complaint ¶ 51. Plaintiff alleges that she did not owe the amount set forth in the affidavit and that the representation by Ms. Ross was false. Accordingly, Plaintiff sufficiently alleges a claim against Ms. Ross under 15 U.S.C. ¶ 1692e(2)(B) and the Court denies Defendants' Motion to Dismiss with regards to Count XIV against Ms. Ross.

## III. CONCLUSION

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss is GRANTED with respect to Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XII, XV, and XVI. Defendants' Motion to Dismiss is DENIED with respect to Counts XI, XIII, and XIV.

The Clerk is directed to forward a copy of this Order to Counsel.

Entered this 13th day of May, 2005.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
5/13/05